PARKHURST, Appellant, vs. STAPLES and others, Respondents.

*September 30 — October 22, 1895.*

*Logs and timber: Conversion: Double damages: Statute construed.*

Sec. 4449, S. & B. Ann. Stats. (providing that "every person who shall unlawfully take, carry away or otherwise convert . . . any log or cant . . . lying and being in any river . . . or in any tributary of such river, or on or near the bank of any such river or tributary, or in or on any slough, ravine, island, bottoms or land adjoining any such river or tributary," shall be guilty of larceny and shall be liable to pay to the owner double the value thereof), does not apply to logs which are distant from the immediate bank, and which are not on their way to some predestined point down the stream.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

There is no bill of exceptions. The facts are recited in the judgment. The defendant *King G. Staples* owned a quantity of pine sawlogs, which were upon skidways near the village of Iron River, and within eighty rods of the bank of Iron river. While they were in that situation they were bought by the plaintiff at a foreclosure sale under a chattel mortgage. The defendants afterwards, and without the plaintiff's consent, carried the logs away from that position, to a sawmill near the village of Iron River, and had them manufactured into lumber. The jury found the value of the logs to be $409.78. The plaintiff moved for judgment for double the value as found by the jury, under sec. 4449, S. & B. Ann. Stats. This was denied, and judgment was rendered for the plaintiff for the sum so found by the jury. From this judgment the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Victor Linley* and *John Brennan,* and for the respondents (*Swift & Cooper,* attorneys) without argument.

Counsel for the appellant contended that the logs were both *near the bank* of the river and on *land adjoining* it.

16 Am. & Eng. Ency. of Law, 365; *Manis v. State*, 3 Heisk. 315; *Insley v. Shepard*, 31 Fed. Rep. 869; *Fall River I. Works Co. v. O. C. & F. R. R. Co.* 5 Allen, 221; Webst. Dict. NEAR; Id. ADJACENT.

NEWMAN, J. The only question involved is the right of the plaintiff to recover double the value of the logs. Plainly, it is a common case for the recovery of the actual value only, unless the single fact that the logs were situated so near as within eighty rods of the bank of Iron river distinguishes it. It is claimed, for the plaintiff, that such close proximity of situation to the bank of a stream of water is such a distinguishing circumstance as takes the case out of the general rule and brings it within the provisions of sec. 4449, S. & B. Ann. Stats. That is the exact question in the case. This statute declares it to be the crime of larceny if one shall wilfully " take, carry away or otherwise convert to his own use . . . any log or cant . . . lying and being in any river . . . or in any tributary of such river, or on or near the bank of any such river or tributary, or in or on any slough, ravine, island, bottoms or land adjoining any such river or tributary. . . ." It also makes such person "liable to pay the owner of such log, cant or other lumber . . . double the amount of the value of the same, to be recovered in an action."

This statute is penal, and is to be construed strictly, with a view to exclude from its operation all cases which are not clearly within the legislative intention. Those cases only are within the statute which are within its intention. In order to ascertain the intention, it must be considered what circumstances should determine the inclusion or exclusion of any specified logs within or from its provisions. There does not seem to be any natural or sufficient reason, in the mere fact of proximity to the bank of the stream, why logs situated within eighty rods of the bank should require or receive

other or greater protection from the law than, is given to logs situated at twice that distance from the bank, or at any other distance or in any other place. The mere circumstance of proximity or remoteness from the bank of a stream cannot have been the reason for the enactment of this statute. So the reason must be found in some other circumstance. A reason may be found in the circumstance that logs, while being in transit to market on floatable streams, are often thrown upon or floated beyond the bank, and into sloughs and bottoms, and so become out of the immediate power and care of the owner, and become a temptation and lure to prowlers. It is quite evident, from the entire section, that such are the logs intended to be protected by its provisions. It is "logs lying and being in a river or its tributary," " or on or near its bank," " or in a slough or bottoms adjoining such river or tributary." This evidently describes logs which are being floated or driven down a stream on their way to market, which may have deviated from the stream and floated on to or over the bank into sloughs and bottoms. Such are within the reason and intention of the statute. Perhaps the statute also includes logs placed on or near the bank for the purpose of being floated to market, although they have not yet been put afloat. But it does not include logs which are distant from the immediate bank, and which are not on their way to some predestined point down the stream. The plaintiff's logs were not within the provisions of the statute.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.